

FILED
10/28/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
MEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. |
| vs. ) | |
| ) | Violation: 18 U.S.C. § 1343 |
| DAVID W. BROWN ) | |

1:24-cr-00506
Judge LaShonda A. Hunt
Magistrate Judge Keri L. Holleb Hotaling
RANDOM / CAT.3

<u>COUNT ONE</u>

The SPECIAL NOVEMBER 2023 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant DAVID W. BROWN was a resident of Chicago, Illinois.

    b. Company A was a utility company that provided electricity to residential and commercial customers in the northern Illinois area.

    c. Companies B and C were utility companies that provided natural gas to residential and commercial customers in Chicago and elsewhere in Illinois.

    d. Utility service providers in Illinois, such as Companies A, B, and C, were regulated by the Illinois Commerce Commission, which oversaw the "adequate, reliable, efficient and safe utility services" in the state of Illinois. Regulations and procedures governing public utilities are codified in Illinois Administrative Code Title 83, Part 280, entitled "Procedures for Gas, Electric, Water and Sanitary Sewer Utilities Governing Eligibility for Service, Deposits, Billing, Payments, Refunds and Disconnection of Service." The purpose of Part 280, in part, was to "establish fair and equitable procedures governing eligibility for service, deposits, billing, payments, refunds and disconnection for gas, electric, water and

sanitary sewer utilities that take into account the duty of the utility, customer, applicant and occupant to demonstrate good faith and fair dealing." The regulations in Part 280 and internal policies and procedures of the utility service providers governed how and when utility service was established, and in the case of customer non-payment, governed how and when utility service providers were allowed to disconnect service. Among other things, these regulations and procedures required a utility service provider to give adequate notice before any disconnection of service, and to promptly reinstate any service that had been disconnected upon the receipt of payment information from a customer.

    e.  A residential or commercial customer seeking to obtain utility service at a particular address was required to provide identifying information and documentation to the utility service provider, including the customer's name, the service address, a social security account number or taxpayer identification number, and corporate documentation for commercial customers. The utility service provider relied upon this information to verify the identity of the customer and to establish service for the customer at the requested service address. A residential or commercial customer could provide an address for billing and correspondence that was different from the service address.

2. Beginning no later than in or around 2017, and continuing through at least February 2024, in the Northern District of Illinois, and elsewhere,

DAVID W. BROWN,

defendant herein, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3. It was part of the scheme that defendant DAVID W. BROWN offered to arrange for the provision of utility services, including utility services provided by Companies A, B, and C, to various residential and commercial property owners and tenants throughout the Chicago area in return for a fee to be paid to defendant.

4. It was further part of the scheme that, after a property owner or tenant agreed to pay defendant for obtaining utility service, defendant DAVID W. BROWN opened and caused the opening of accounts with a utility service provider for utility service at the property owner's or tenant's address ("the subject address") by falsely using a customer name that was not the name of the property owner or tenant associated with that address ("false customer name") and typically providing a different address, to which he had access, for billing and correspondence.

5. It was further part of the scheme that defendant DAVID W. BROWN opened and caused the opening of utility service accounts for hundreds of addresses using false customer names, knowing that he did not intend to pay for the utility service provided to the subject addresses and, after opening the accounts, did not

make any legitimate payments or cause any legitimate payments to be made to the utility service provider.

6. It was further part of the scheme that defendant DAVID W. BROWN used billing addresses that were different than the subject addresses to receive mail and disconnection notifications from utility service providers in order to prevent the property owners and tenants from learning of the false customer names being utilized as part of the scheme and to conceal from them the utility providers' intent to disconnect for non-payment the utility services at the subject addresses.

7. It was further part of the scheme that, after a utility service provider gave notice of an intent to disconnect service for non-payment or disconnected service for non-payment, defendant DAVID W. BROWN fraudulently caused the utility service provider to continue providing service or to restore service at the subject address by opening a new account at the subject address in a different false customer name. Defendant did so in order to make it falsely appear that a new customer was establishing service at the subject address, knowing that the utility service provider would not terminate service at a subject address if a new customer appeared to be applying for service at the address and that the utility service provider would not hold the purportedly new customer financially responsible for any of the utility service provided to previous customers at the subject address.

8. It was further part of the scheme that defendant DAVID W. BROWN fraudulently made online payments to utility providers by electronic check or e-check utilizing bank account numbers that defendant knew did not exist and would result

4

in return or non-payment of the electronic check, in order to temporarily prevent the utility service provider from disconnecting service at the subject addresses or to cause the utility service provider to restore utility service at the subject addresses.

9. It was further part of the scheme that defendant DAVID W. BROWN repeatedly opened new accounts in different false customer names at the same subject address in order to fraudulently continue service at that address for periods of time ranging from several months to multiple years without having to make legitimate payments to a utility service provider.

10. It was further part of the scheme that defendant DAVID W. BROWN utilized the names of fictitious companies, including some that he caused to be registered with the Illinois Secretary of State and the Internal Revenue Service, as the false customer names for the accounts he established at the subject addresses. Defendant also used the names and personal identification information of other individuals, without the knowledge and consent of those individuals, as the false customer names for the accounts he established at the subject addresses.

11. It was further part of the scheme that defendant DAVID W. BROWN collected payments from the various residential and commercial property owners and tenants for utility services that defendant fraudulently caused to be provided to the subject addresses. Defendant collected these payments through, among other methods, third party vendors such as Cash App, and kept the money for his own personal purposes instead of using it to pay the utility service providers.

12. It was further part of the scheme that defendant opened or caused the opening of thousands of accounts in false customer names with utility service providers and fraudulently caused in excess of $5 million worth of utility services to be provided to the subject addresses.

13. It was further part of the scheme that defendant DAVID W. BROWN concealed, misrepresented and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

14. On or about April 22, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic transfer of $150 from Individual JW to defendant through Cash App representing a payment for utility service at xx36 South Hermitage Avenue in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

**COUNT TWO**

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 13 of Count One are incorporated here.

2. On or about July 11, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the presentation of an electronic check to a third-party vendor located outside the State of Illinois representing a purported payment in the amount of $304.02 for utility service provided to x29 East 71st Street in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT THREE

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 13 of Count One are incorporated here.

2. On or about July 11, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the presentation of an electronic check to a third-party vendor located outside the State of Illinois representing a purported payment in the amount of $284.93 for utility service provided to xx34 South Ashland Avenue in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

**COUNT FOUR**

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 13 of Count One are incorporated here.

2. On or about July 18, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the presentation of an electronic check to a third-party vendor located outside the State of Illinois representing a purported payment in the amount of $901.31 for utility service provided to xx910 South Michigan Avenue in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 13 of Count One are incorporated here.

2. On or about July 25, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, the presentation of an electronic check to a third-party vendor located outside the State of Illinois representing a purported payment in the amount of $1,912.66 for utility service provided to xx14 South Western Avenue in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## **COUNT SIX**

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 13 of Count One are incorporated here.

2. On or about November 19, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic transfer of $200 through Cash App from Individual JW to defendant representing a payment for utility service at xx36 South Hermitage Avenue in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVEN

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 13 of Count One are incorporated here.

2. On or about April 19, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic transfer of $151 through Cash App from Individual PMC to defendant representing a payment for utility service at xx07 South Sangamon Street in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

**COUNT EIGHT**

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 13 of Count One are incorporated here.

2. On or about June 13, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic transfer of $170 through Cash App from Individual OM to defendant representing a payment for utility service at xx4 West 95th Street in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

**COUNT NINE**

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 13 of Count One are incorporated here.

2. On or about July 10, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic transfer of $150 through Cash App from Individual RS to defendant representing a payment for utility service at xx34 South Union Avenue in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## COUNT TEN

The SPECIAL NOVEMBER 2023 GRAND JURY further charges:

1. The allegations of paragraphs 1 through 13 of Count One are incorporated here.

2. On or about September 16, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

DAVID W. BROWN,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, an electronic transfer of $550 through Cash App from Individual LC to defendant representing a payment for utility service at xx41 South Champlain Avenue and xx34 South Richmond Street in Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY